**KRAMER LEVIN NAFTALIS & FRANKEL** LLP

NORMAN C. SIMON
PARTNER
PHONE 212-715-7816
FAX 212-715-8054
NSIMON@KRAMERLEVIN.COM

March 19, 2015

Hon. Laura Taylor Swain
United States District Judge,
    Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007-1312

> Re:  *Mc-Neil PPC, Inc. v. GlaxoSmithKline Consumer Healthcare, L.P.*, 15 Civ. 1866 (LTS)

Dear Judge Swain:

    We represent plaintiffs McNeil-PPC and McNeil Consumer Healthcare (collectively, "McNeil") in the above-captioned matter and write in response to the March 18, 2015 letter to Your Honor submitted by defendant GlaxoSmithKline Consumer Healthcare, L.P. ("GSK") seeking to (i) quash a trial subpoena served by McNeil on Information Resources, Inc. ("IRI"), and (ii) amend the Order to Show Cause entered by the Court on March 13, 2015

    McNeil's trial subpoena to IRI is entirely proper, and GSK's suggestion that McNeil's service of the trial subpoena is inconsistent with our representation at the March 13 hearing that discovery is unnecessary in advance of the preliminary injunction hearing is incorrect. GSK represented both in correspondence with McNeil and at the hearing that its "#1 ALLERGY PILL" claim is predicated on its belief "that Claritin is number one based on IRI data." (Hearing Transcript at 7). McNeil is aware that IRI generally prohibits the use of its data in litigation absent a subpoena. We assume that GSK will take necessary measures to obtain the use of IRI data at the hearing. However, in the event GSK does not and in the interest of ensuring that such data is available to the Court and the parties, we served the appended trial subpoena, which is limited in scope. We respectfully submit that the use of a trial subpoena for this purpose is perfectly appropriate. *See Joseph P. Carroll Ltd. v. Baker*, No. 09 Civ. 3174 (SHS), 2012 WL 1232957, at *2-3 (S.D.N.Y. Apr. 12, 2012) (denying motion to quash trial subpoena and noting that "[t]rial subpoenas may be issued after the close of discovery for 'trial preparation'" and "[w]here a party 'intends to use the documents it has requested in [] subpoenas for cross-examination and impeachment only, they are properly classified as trial subpoenas.'") (citation omitted) (citing *Malmberg v. United States*, No. 06-CV-1042, 2010 U.S. Dist. LEXIS 28784, at *6-9 (N.D.N.Y Mar. 24, 2010)).

1177 AVENUE OF THE AMERICAS  NEW YORK NY 10036-2714   PHONE 212.715.9100   FAX 212.715.8000

990 MARSH ROAD  MENLO PARK CA 94025-1949  PHONE 650.752.1700  FAX 650.752.1800

47 AVENUE HOCHE  75008 PARIS FRANCE  PHONE (33-1) 44 09 46 00  FAX (33-1) 44 09 46 01

WWW.KRAMERLEVIN.COM

KL3 3009937.1

Case 1:15-cv-01866-LTS   Document 6   Filed 03/19/15   Page 2 of 6

Hon. Laura Taylor Swain
March 19, 2015
Page 2

       GSK does not assert it is prejudiced by McNeil's narrow trial subpoena, and given that it seeks the very same IRI data on which GSK purports to base its advertising claims, it could not credibly do so. GSK argues that the "scope of documents sought by Plaintiffs appears to be well beyond the scope of any IRI data that GSK might rely on in opposition to the motion." While the scope of the trial subpoena is quite narrow — and we obviously cannot know in advance what GSK intends to rely on in its opposition — we are prepared to limit the scope of the trial subpoena to that IRI data which GSK actually relies upon. We respectfully submit that GSK's request to quash the trial subpoena should be denied.

       We also submit that GSK's request that the Court modify the Order to Show Cause already entered in this case is unnecessary.* We committed on the record that, with respect to the "#1 ALLERGY PILL" claim, we will "proceed in the preliminary injunctive phase on the basis of an establishment claim and that the study [GSK is] citing does not support the claim," and, with respect to the "6>1" claim, that it "is a very straightforward legal question as [to] whether it is conveying that their products control six symptoms and our product controls one. . . . [either] literally or by necessary implication". (Hearing Tr. 29-30). Your Honor surely knows what the scope of the hearing is, and the Court will issue an appropriate Order after hearing the evidence. We respectfully submit that there is no need to amend the already entered Order to Show Cause.

                                       Respectfully submitted,

                                       Norman C. Simon

Lance Koonce, Esq.
Nancy Felsten, Esq.
(both via email)

---

*    We note that GSK's statement that we "refused to consent" to its proposed modified Order is inaccurate. While at our request GSK provided us with its proposed changes, GSK never asked for and we never refused our consent. Nor did GSK ever request a telephonic or in-person discussion with us about either issue before transmitting its letter to the Court.

KL3 3009937.1

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| MCNEIL-PPC, INC., et al. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:15-cv-01866-LTS |
| GLAXOSMITHKLINE CONSUMER HEALTHCARE L.P. | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Information Resources, Inc., (IRI), Attn: David Becker, Esq.
Freeborn & Peters LLP, 311 S. Wacker Dr., Suite 3000, Chicago, IL 60606

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A

| Place: Courtroom 12D, 500 Pearl Street, New York, NY 10007 | Date and Time: 03/30/2015 9:30 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached — Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/16/2015

*CLERK OF COURT*

OR  */s/ [signature]*

_____   _____
*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
MCNEIL-PPC, INC. and MCNEIL CONSUMER HEALTHCARE, who issues or requests this subpoena, are:

Harold P. Weinberger, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York New York 10036
(212) 715-9100, HWeinberger@kramerlevin.com

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:15-cv-01866-LTS

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                     _____
                                                            *Server's signature*

                                            _____
                                                            *Printed name and title*

                                            _____
                                                            *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### (Trial Subpoena Duces Tecum)

### DOCUMENTS REQUESTED FROM IRI

1. Produce documents sufficient to show, for the adult allergy category: Calendar year 2014, 52 weeks ending 2/14/15, and 2015 Year-to-Date (ending 2/28/15), Dollar Sales & Unit Sales, across the following cuts:

   - Total Zyrtec sales
     - Total Zyrtec (Cetirizine only) Sales
     - Total Zyrtec (Cetirizine + Pseudoephedrine) Sales
   - Total Claritin sales
     - Total Claritin (Loratadine only) Sales
     - Total Claritin (Loratadine + Pseudoephedrine) Sales
   - Total Allegra sales
     - Total Allegra (Fexofenadine) Sales
     - Total Allegra (Fexofenadine + Pseudoephedrine) Sales
   - Total Benadryl sales
     - Total Benadryl (Diphenhydramine only) Sales
   - Plus all others so it adds up to total category sales
   - Top 20 Skus

2. Produce documents sufficient to show the precise data requested in Number 1 above, accounting for days of dose.